N

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**In Re:**

| | | |
|---|---|---|
| **GERALD S. LEPRE, JR., a/k/a** | : | Bankruptcy No. <u>11-20288-JAD</u> |
| **GERALD LEPRE, a/k/a** | : | |
| **GERALD S. LEPRE, a/k/a** | : | |
| **GERALD S. LEPRE, II,** | : | Doc. No. <u>81</u> |
| | : | |
| | : | |
| **Debtor.** | : | Chapter 7 |
| | : | |

## MEMORANDUM OPINION

The matter before the Court is the *Rule to Show Cause to Determine Why Case Should Not Be Dismissed For Debtor's Failure To Pay Required Bankruptcy Filing Fee* (the "*Rule*"). For the following reasons, this Court will sustain the *Rule* and dismiss the above-captioned bankruptcy case.

The instant bankruptcy case was filed by Gerald S. Lepre, Jr. ("Lepre") under chapter 7 of the Bankruptcy Code on January 19, 2011. Lepre contemporaneously filed an *Application for Waiver of the Chapter 7 Filing Fee* (the "Fee Waiver Application") pursuant to 28 U.S.C. § 1930(f)(1). After a hearing on the matter, the Honorable Bernard Markovitz entered an order that denied the Fee Waiver Application but allowed Lepre an additional sixty days to pay the filing fee. The following day, Lepre appealed Judge Markovitz's order and filed a motion to proceed *in forma pauperis* with his appeal.

In an order dated May 18, 2011, the Honorable Gary L. Lancaster, Chief Judge of the United States District Court for the Western District of Pennsylvania, affirmed the order denying the Fee Waiver Application and denied Lepre's motion to proceed with his appeal *in forma pauperis* (the "District Court Order"). In the *Memorandum Opinion* accompanying the District Court Order, Chief Judge Lancaster found that Lepre was unable to meet the first requirement for relief under 28 U.S.C. § 1930(f)(1) because his total combined monthly income exceeds 150% of the poverty line.

Lepre immediately appealed the District Court Order to the United States Court of Appeals for the Third Circuit, which remains pending.

On May 23, 2011, the Clerk of Court of the United States Bankruptcy Court for the Western District of Pennsylvania entered a *Request for Filing Fee* seeking payment of the past due chapter 7 filing fee and the *Notice of Appeal* fee within seven days. Lepre failed to submit the required fees. Subsequently, this Court issued its *Rule* to determine why Lepre's case should not be dismissed for failure to pay the filing fee.[1] Lepre appeared at the hearing on the *Rule* held July 12, 2011, and simply reiterated his alleged inability to pay the filing fee.

Although Lepre's appeal of the District Court Order is currently pending before the United States Court of Appeals for the Third Circuit, no stay of the District Court Order (or the order of Judge Markovitz) has been sought by Lepre, nor

---

[1] An Order was entered April 26, 2011 which transferred Lepre's bankruptcy case to this Judge.

has a stay been granted by the District Court or the Court of Appeals pursuant to Fed. R. Bankr. P. 8017.[2] Additionally, this Court may not stay the District Court Order. Nor has any justification for a stay been asserted.

As a result, this Court may treat the District Court Order as final and proceed with adjudication of the *Rule*. See 28 U.S.C. § 158(d)(1)(D) ("An appeal under this paragraph does not stay any proceeding of the bankruptcy court, the district court, or the bankruptcy appellate panel from which the appeal is taken . . ."); see also In re Anthanassious, Case Nos. 09-4594, 10-2285, 2011 WL 944421, at *5 (3d Cir. March 21, 2011) (holding that in the absence of a stay pending appeal of a district court order, the bankruptcy court may treat the district court order as final and proceed with the management of the debtor's estate) (citing 28 U.S.C. § 158(d)(1)(D)).

Despite a pending appeal, courts may dismiss a case for failure to pay any filing fees required under chapter 123 of title 28. See 11 U.S.C. § 707(a)(2); see also In re Grannis, Case No. 02-33321-K, 2003 WL 25949300 (Bankr. W.D. Tenn. Feb. 12, 2003) (dismissing a bankruptcy case for failure to pay filing fee when an appeal of the order denying the debtor *in forma pauperis* relief was pending before the Bankruptcy Appellate Panel).

---

[2] This Court may properly take judicial notice of the Court of Appeals and District Court dockets. See Allegheny, Inc. v. Basic Packaging Systems, Inc. (In re Allegheny, Inc.), 86 B.R. 466, 469 (Bankr. W.D. Pa. 1988) ("[F]ederal courts have the authority to take judicial notice of proceedings in other courts, either within or without the federal system, provided those proceedings are directly related to the matters presently at issue.") (citing cases); see also In re Indian Palms Assoc., Ltd., 61 F.3d 197, 205 (3d Cir. 1995) (holding that courts may take judicial notice of adjudicative facts "not subject to reasonable dispute . . . as long as it is not unfair to a party to do so. . .") (citing Fed. R. Evid. 201(f) advisory committee note (1972 proposed rules)).

Lepre does not dispute that he has failed to pay the filing fee. In fact, Lepre's only response to the *Rule* requests that this Court grant the Fee Waiver Application previously denied by both Judge Markovitz and Chief Judge Lancaster of the District Court. As a final determination has been made in this case with regard to whether Lepre is entitled to a waiver of the filing fee, Lepre is barred from re-litigating this issue under the law of the case doctrine.[3]

The law of the case doctrine posits that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." N. Apparels, Inc. v. PNC Bank, Nat'l Ass'n (In re Forman Enterprises, Inc.), 271 B.R. 483, 486-487 (Bankr. W.D. Pa. 2002) (quoting Arizona v. California, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318 (1983)). However, the United States Court of Appeals for the Third Circuit has recognized several "extraordinary circumstances" that may allow for reconsideration of a previously decided issue, such as: 1) new evidence; (2) a supervening new law; or (3) an earlier decision that was "clearly erroneous" and would create a manifest injustice. Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116-17 (3d Cir. 1997)).

---

[3] This Court also finds that relitigation of the fee waiver issue may be barred pursuant to the doctrine of collateral estoppel. See Kaiser Group Int'l, Inc. v. Nova Hut a.s. (In re Kaiser Group Int'l, Inc.), 375 B.R. 120, 127 (Bankr. D. Del. 2007) ("A court will bar re-litigation of an issue on collateral estoppel grounds when '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action.'") (quoting Raytech Corp. v. White, 54 F.3d 187, 190 (3d Cir. 1995)).

Lepre has failed to assert any "extraordinary circumstances" that would justify reconsideration of the fee waiver issue. The only "new evidence" introduced by Lepre are his current bills, which are irrelevant.[4] Additionally, Lepre has not suggested that any new supervening law exists. Finally, far from finding the earlier decisions were "erroneous", this Court would concur with Judge Markovitz and Chief Judge Lancaster in denying the Fee Waiver Application. Lepre does not contest that his total combined monthly income ($1,567.44) exceeds 150% of the poverty line established for a family of one ($1,361.25). Therefore, Lepre's Fee Waiver Application was properly denied as Lepre does not meet the first prong of the conjunctive two-prong requirement for waiver of the filing fee pursuant to 28 U.S.C. § 1930(f)(1). See In re Machia, 360 B.R. 416, 418 (Bankr. D. Vt. 2007) ("The Debtor bears the burden of proving by a preponderance of the evidence that his circumstances satisfy *both* requirements of the fee waiver provision.") (emphasis added) (citing cases). As a result, this Court will not consider Lepre's request to waive the filing fee an appropriate defense to the *Rule*.

In closing, Lepre should not be entitled to the continued benefit of the automatic stay (or ultimately the receipt of a discharge) without paying the required filing fee. Such fees help to effectuate the goal of making the bankruptcy system self-sufficient. United States v. Kras, 409 U.S. 434, 449 (1973). Filing fees also

---

[4] See In re Eadie, No. 07–51799–C, 2007 WL 2154242, at *2 (Bankr. W.D. Tex. July 24, 2007) (holding that where the debtor's income is greater than the 150% guideline, it does not matter whether the debtor's monthly expenses exceed that income).

ensure some amount of compensation for the chapter 7 Panel trustees. In re Stickney, 370 B.R. 31, 38 (Bankr. D. N.H. 2007). While the BAPCPA amendments now allow courts to waive the filing fee, a debtor does not have any constitutional right to such a waiver. See In re Burr, 344 B.R. 234, 236 (Bankr. W.D. N.Y. 2006) ("[T]he statute [28 U.S.C. § 1930(f)(1)] establishes no absolute entitlement to a waiver of filing fees."); see also Kras, 409 U.S. at 446 (1973) (holding "[t]here is no constitutional right to obtain a discharge of one's debts in bankruptcy" without payment of the filing fee required by statute).

As no stay pending appeal has been sought or granted, this Court may treat the District Court Order denying the Fee Waiver Application as final. Lepre has admittedly failed to pay the filing fee. Further, Lepre's request that this Court consider the merits of his Fee Waiver Application as a defense to the *Rule* is barred by the law of the case doctrine. As a result, this Court will dismiss Lepre's bankruptcy case for failure to pay the chapter 7 filing fee pursuant to 11 U.S.C. § 707(a)(2) and Fed. R. Bankr. P. 1017(b)(1). An appropriate Order will follow.

Dated: July 15, 2011

JEFFERY A. DELLER
U.S. Bankruptcy Judge

**FILED**

JUL 15 2011

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA

N

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**In Re:**

| | | |
|---|---|---|
| **GERALD S. LEPRE, JR., a/k/a** | : | Bankruptcy No. 11-20288-JAD |
| **GERALD LEPRE, a/k/a** | : | |
| **GERALD S. LEPRE, a/k/a** | : | |
| **GERALD S. LEPRE, II,** | : | Doc. No. 81 |
| | : | |
| | : | |
| Debtor. | : | Chapter 7 |
| | : | |

## ORDER

**AND NOW**, this **15th** day of **July**, **2011**, for the reasons set forth in the Court's *Memorandum Opinion* of the date even herewith, the Court hereby **ORDERS, ADJUDGES** and **DECREES** as follows:

(1) The *Rule to Show Cause to Determine Why Case Should Not Be Dismissed For Debtor's Failure To Pay Required Bankruptcy Filing Fee* is **SUSTAINED**.

(2) The above-captioned case is **DISMISSED WITHOUT PREJUDICE** and Gerald S. Lepre, Jr. remains legally liable for all of his debts as if the bankruptcy petition had not been filed. Creditor collection remedies are reinstated pursuant to 11 U.S.C. § 349, and creditors are directed to 11 U.S.C. § 108(c) for time limits on filing a lawsuit to collect; generally, a creditor's lawsuit must be filed by the later of (1) the time deadline prescribed by state law, or (2) thirty days after the date of this Order.

(3) The Clerk of Court of the United States Bankruptcy Court for the Western District of Pennsylvania shall give notice to all creditors of this dismissal.

(4) The Clerk of Court of the United States Bankruptcy Court for the Western District of Pennsylvania is directed to notify the Clerk of the United States Court of Appeals for the Third Circuit that this chapter 7 case has been dismissed by sending a copy of this Order to the Clerk of the United States Court of Appeals for the Third Circuit.

Dated: July 15, 2011

_____
JEFFERY A. DELLER
U.S. Bankruptcy Judge

**FILED**

JUL 15 2011

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA